IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRANDI N. SILVERS,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Case No. CIV-08-318-KEW
　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　)
Commissioner of Social　　　　　)
Security Administration,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　)

## OPINION AND ORDER

Plaintiff Brandi N. Silvers ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further consideration consistent with this Opinion and Order.

**Social Security Law and Standard of Review**

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to

cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of

---

At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. requires the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

2

Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 24, 1987 and was 20 years old at the time of the ALJ's decision. Claimant completed her education through the high school level, which included some special education programs. Claimant has no past relevant work. Claimant asserts an inability to work due to learning difficulties and mental limitations.

### Procedural History

On August 8, 2005, Claimant filed applications for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*) and for Child's Disability Benefits. Claimant's applications for benefits were denied initially and on reconsideration. ALJ Michael A. Kirkpatrick held a hearing to consider the application on December 12, 2007 in McAlester, Oklahoma. By decision dated May 5, 2008, the ALJ found that Claimant was not disabled and, therefore, not eligible for benefits. On June 21, 2008, the Appeals Council denied review of

the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that Claimant's alleged conditions did not meet a listing and she had not been under a disability at any time since the alleged onset date.

## Alleged Errors

Claimant asserts the ALJ erred at step five by relying upon vocational testimony that varied significantly with the Dictionary of Occupational Titles.

## Step Five Vocational Expert Testimony

On September 28, 2004, Claimant was attending Hartshorne Public Schools. The school formulated an Individualized Education Program ("IEP") for Claimant as a senior in high school. Claimant had a learning disability such that her scores on WISC-III testing in 1999 was Full Scale 64, Basic Reading 7.0, Reading Comprehension 4.1, Math Reasoning 3.1, Written Exposition 5.1, Spelling 8.1, Listening Comprehension 4.9, and Oral Exposition 1.8. Claimant was in mainstream classes. She was described as shy but was "coming out of her shell somewhat." (Tr. 128).

On November 14, 2005, Ms. Annette White, Claimant's special

4

education teacher, completed a questionnaire. She identified Claimant as having "obvious problems" in the areas of comprehending oral instructions, understanding school and content vocabulary and reading and comprehending written material. Ms. White also found Claimant had "serious problems" in the areas of comprehending and doing math problems, providing organized oral explanations and adequate descriptions, expressing ideas in written form, learning new material, recalling and applying previously learned material and applying problem-solving skills in class discussions. She also opined that Claimant had a "very serious problem" with understanding and participating in class discussions. (Tr. 119).

Ms. White also indicated Claimant had a "serious problem" with carrying out multi-step instructions and a "slight problem" with carry8ing out single-step instructions. Claimant had an "obvious problem" with completing work accurately without careless mistakes. Ms. White found Claimant to mainly stay to herself. She noted Claimant had daily problems with taking care of her personal hygiene and had a "serious problem" with knowing when to ask for help. (Tr. 120-25).

On January 16, 2006, a psychological evaluation of Claimant was performed by Dr. B. Todd Graybill. He found Claimant to be "appropriate, shy, dull, and naive in her manner." Dr. Graybill administered the WAIS-III testing on Claimant and found her to have a verbal IQ score of 74, performance IQ score of 76, and a full

5

scale IQ score of 73. He opined these scores placed Claimant in the "borderline mentally retarded range of intellectual functioning." He also found Claimant was able to understand, retain, and follow simple instructions, her attention span and concentration abilities were impaired commiserate with her overall intellectual level. She was described as dull and naive in her social skills. Dr. Graybill did not believe Claimant was capable of managing her own benefits. (Tr. 139-40).

In his decision, the ALJ found Claimant's severe impairments to be borderline intellectual functioning and obesity. (Tr. 12). He concluded Claimant could perform a wide range of simple, unskilled light work. (Tr. 15). The vocational expert consulted by the ALJ identified the jobs of bench assembler, ticket taker, and electrical assembler as available for someone with Claimant's restrictions. (Tr. 17).

In his questioning of the vocational expert, the ALJ included a restriction in Claimant's residual functional capacity to simple, routine, unskilled tasks, but not detailed or complex tasks." (Tr. 15). The Dictionary of Occupational Titles ("DOT") assigns six levels of reasoning to jobs ranging from R1 to R6. The DOT indicates the job of electrical assembler a reasoning level of R3. Such a reasoning level requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several

6

concrete variables in or from standardized situations." Similarly, the DOT assigns a reasoning level of R2 to the jobs of bench assembler and ticket taker. Such a level requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."

The ALJ's limitations on Claimant's ability to reason does not match the DOT reasoning levels of the jobs which the vocational expert indicated Claimant possessed the RFC to perform. "[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the DOT, and elicit a reasonable explanation for any discrepancy on this point." Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999). The ALJ failed to account for the discrepancy in the reasoning levels in the DOT and that which was assigned to Claimant through the limitations placed upon her by the ALJ. As a result, the ALJ's decision must be reversed and the case remanded for the ALJ to account for this discrepancy.

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge finds the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

7

applied. Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge finds the ruling of the Commissioner of Social Security Administration is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.

DATED this 28th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE